IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00240-F

| | |
|---|---|
| BRAGG COMMUNITIES, LLC; BRAGG-PICERNE PARTNERS LLC; CORVIAS MILITARY LIVING, LLC; and CORVIAS MILITARY CONSTRUCTION, LLC, ) ) ) ) ) | |
| Plaintiffs, ) ) ) | **ORDER** |
| v. ) ) | |
| ILLINOIS UNION INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) | |

This matter comes before the court on a Motion to Dismiss or, in the Alternative, to Transfer Venue [DE-13] brought by Defendant Illinois Union Insurance Company ("Illinois Union"). For the reasons more fully stated herein, the motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged breach of an insurance contract. In the insurance contract, Illinois Union agrees to insure the plaintiffs for certain "pollution conditions" that might result from the plaintiffs' covered operations. *See* Complaint [DE-3-2] at 7-8; *see also* Contractors Pollution Liability Insurance Policy [DE-3-2] at 18 (the "Contract"). The present motion concerns whether this court should continue to hear this matter given a forum selection clause in the Contract:

> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the "insured" will submit to the jurisdiction of the State of New York and will comply with all requirements

> necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's right to remove an action to a United States District Court.

Contract [DE-3-2] at 25 (the "Forum Selection Clause"). If this Forum Selection Clause is mandatory, this court must dismiss or transfer the present action. On the other hand, if the clause is merely permissive, the case will continue forward.

The Contract contains two other clauses particularly relevant to whether the disputed clause is permissive or mandatory. The first clause states that "[t]he descriptions in the headings and sub-headings of this Policy are inserted solely for convenience and do not constitute any part of the terms or conditions hereof." *Id.* at 25. The second clause states, "If the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate in the event of an appeal." *Id.* at 37 (the "Endorsement"). The Endorsement is prefaced by the statement "THIS ENDORSEMENT CHANGES THE POLICY." *Id.*

Illinois Union argues that the Forum Selection Clause is mandatory and enforceable. The court disagrees.

## STANDARD OF REVIEW

Illinois Union brings its Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. When a question of venue is covered by the federal rules, district courts must apply federal law in determining the question. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26-27 (1988); *see also Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). Accordingly, this court must determine the nature and validity of the Forum Selection Clause—the basis for Illinois Union's Motion to Dismiss—according to federal law.

"[A] motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365 n.9 (4th Cir. 2012) (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Aggarao*, 675 F.3d at 365-66. The court considers the facts in the light most favorable to the plaintiffs. *Id.* at 366.

## ANALYSIS

The threshold question is whether the Forum Selection Clause is mandatory or permissive. If the court finds that the clause is mandatory, the plaintiffs will be required to show that the clause is "unreasonable under the circumstances" in order to avoid either dismissal of this action or a transfer of the action to New York. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also NC Contracting, Inc. v. Munlake Contractors, Inc.*, No. 5:11-CV-766-FL, 2012 WL 5303295, at *3 (E.D.N.C. Oct. 25, 2012). In contrast, a permissive forum selection clause "merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction [or] venue." *S & D Coffee, Inc. v. GEI Autowrappers*, 995 F. Supp. 607, 609 (M.D.N.C. 1997) (quoting *Johnston Cnty., N.C. v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 93, 414 S.E.2d 30, 33 (1992)). "Such a c[l]ause is 'permissive' since it allows the parties to air any dispute in that court without requiring them to do so." *S & D Coffee*, 995 F. Supp. at 609. Thus, a permissive clause would not require dismissal or transfer of the present action.

In determining whether a forum selection clause is mandatory, "federal courts have found dispositive the particular language of the clause and whether it authorizes another forum as an alternative to the forum of the litigation or whether it makes the designated forum exclusive."

*Albemarle*, 628 F.3d at 650-51. As a general maxim in considering forum selection clauses, "an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (emphasis in original). Thus, the language of the Forum Selection Clause must clearly indicate the exclusivity of the forum. Indeed, even using the words "will" or "shall," without more, will not establish a mandatory forum selection clause. *See id.* ("Although . . . clauses, like the one in the instant case, [might] use the word 'shall,' the word's meaning differs with context."); *see also S & D Coffee*, 995 F. Supp. at 609-10. Courts have indicated two particular circumstances that create the required exclusivity. First, "[a] crucial distinction between a mandatory clause and a permissive clause 'is whether the clause only mentions jurisdiction or specifically refers to venue.'" *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp. 2d 432, 436 (W.D.N.C. 2008) (quoting *S&D Coffee*, 995 F. Supp. at 609). Second, parties may indicate a mandatory forum selection clause by using words such as "only," "exclusive," or "sole" in referring to a particular jurisdiction. *See, e.g., NC Contracting*, 2012 WL 5303295, at *3 (emphasizing the parties' use of the word "only").

Here, the Forum Selection Clause "merely specifies [that New York courts are] empowered to hear the litigation, in effect waiving any objection to personal jurisdiction in a venue." *S & D Coffee*, 995 F. Supp. at 609. That is, the Forum Selection Clause contains no language that excludes jurisdiction in other courts. *See IntraComm*, 492 F.3d at 290. It does not refer to venue nor does it use words indicating exclusivity, such as "only, "exclusive, or "sole." While Illinois Union argues that the heading for the clause implicates venue, the specific language of the Contract precludes such a reading. *See* Contract [DE-3-2] at 25 ("The descriptions in the headings and sub-headings of this Policy are inserted solely for convenience

and *do not constitute any part of the terms or conditions hereof.*" (emphasis added)). Because the Forum Selection Clause does not create exclusive jurisdiction in New York courts, it is a permissive clause, not a mandatory one.

Illinois Union's arguments that the Forum Selection Clause is mandatory are further undercut by the Endorsement, which states that, "[i]f the insured requests, the company will submit to the jurisdiction *of any court of competent jurisdiction.*" Contract [DE-3-2] at 37 (emphasis added). Illinois Union argues that the Endorsement does not apply to the Forum Selection Clause because the two clauses conflict. *See* Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, to Transfer Venue [DE-14] at 6. According to Illinois Union, the Forum Selection Clause addresses both venue and jurisdiction while the Endorsement addresses only the latter. *Id.* However, because the court finds that the Forum Selection Clause does *not* address venue, there is no conflict. The Endorsement thus provides further support for the plaintiffs' contention that the Forum Selection Clause is permissive.

The court finds that the Forum Selection Clause is permissive, not mandatory.[1] The clause acts as a waiver to any objections to personal jurisdiction if suit were brought in or transferred to a New York court, but the clause does not exclude jurisdiction elsewhere. Therefore, Illinois Union's Motion to Dismiss [DE-13] is DENIED.

SO ORDERED.

This the 17 day of November, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] Because the court finds that the Forum Selection Clause is permissive, the court does not need to address whether it is enforceable as a mandatory clause.