IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00240-F

| | |
|---|---|
| BRAGG COMMUNITIES, LLC; BRAGG-PICERNE PARTNERS LLC; CORVIAS MILITARY LIVING, LLC; and CORVIAS MILITARY CONSTRUCTION, LLC, ) ) ) ) ) | |
| Plaintiffs, ) ) ) | **ORDER** |
| v. ) ) | |
| ILLINOIS UNION INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) | |

This matter comes before the court on the plaintiffs'[1] Motion for Summary Judgment as to ACE's Duty to Defend [DE-24] ("MSJ"), and on Illinois Union Insurance Company's ("Illinois Union") Motion to Defer Ruling on Summary Judgment or to Deny Plaintiffs' Motion for Partial Summary Judgment [DE-33] ("Motion to Defer"). For the reasons stated herein, Illinois Union's Motion to Defer [DE-33] is ALLOWED. Bragg's MSJ [DE-24] is DENIED without prejudice to renew at the close of discovery.

I. **PROCEDURAL AND FACTUAL HISTORY**

Bragg originally filed suit against Illinois Union on March 20, 2014, alleging claims for (1) breach of contract, (2) declaratory judgment, (3) violation of North Carolina's Unfair and Deceptive Trade Practices Act, and (4) common law bad faith. *See* Complaint [DE-3-2] at 5; ¶¶ 37-62. On April 23, 2014, Illinois Union removed the action to this court. *See* Notice of

---

[1] The court will refer to the plaintiffs collectively as "Bragg."

Removal [DE-3]. On November 17, 2014, the court denied Illinois Union's Motion to Dismiss or, in the Alternative, to Transfer Venue [DE-13]. *See* Order of November 17, 2014 [DE-21]. The present MSJ [DE-24] followed on December 11, 2014.

While Illinois Union responded to the motion for summary judgment, *see* Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment [DE-30], it also filed the Motion to Defer [DE-33]. The relevant factual disputes now before the court pertain to (1) whether North Carolina or New York law governs the present case; (2) whether Bragg's notice was sufficient to require Illinois Union to defend Bragg against a claim; and (3) whether Bragg breached the insurance policy by retaining legal counsel. Because, after having reviewed the briefings and submissions, the court allows the Motion to Defer [DE-33], the court will not review the facts here in greater detail.

## II. DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion [for summary judgment] . . . [or] (2) allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d). Indeed, before considering motions for summary judgment, courts should ensure that adequate time for discovery has passed. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). However, a party moving under Rule 56(d) bears the burden of satisfying two criteria before the court will grant the motion. First, the moving party's affidavit must specify what discovery aspects require more time to be completed, particularly specifying legitimate needs for further discovery. *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). Second, the moving party's affidavit must also "specifically allege why the information sought would have been sufficient to

2

create a genuine issue of material fact such that it would have defeated summary judgment." *See Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995). Courts may deny a Rule 56(d) motion if further discovery would not create a genuine issue of material fact. *See id.* Otherwise, courts are to give liberal treatment to Rule 56(d) affidavits. *See Foster v. City of Asheville*, No. 1:09-CV-442-RJC, 2011 WL 1234097, at *3 (W.D.N.C. Mar. 30, 2011).

Here, Illinois Union has filed an affidavit stating that it "does not possess essential information regarding . . . the Plaintiffs' failure to provide notice and the Plaintiffs' alleged settlement with the North Carolina Department of Environment and Natural Resources." *See* Affidavit of Erika C. Aljens [DE-33-1] ¶ 3. While the affidavit is fairly sparse, it is sufficient to establish that Illinois Union has not had sufficient time for fact discovery. Furthermore, Illinois Union's memorandum supporting its Rule 56(d) motion [DE-32] provides greater detail regarding the notice required for the duty to defend to attach. *See id.* at 5-6.

In addition to Illinois Union's representations, the court itself holds some concerns regarding Bragg's notice of a claim and believes that further factual discovery will help to illuminate the issue. Moreover, while the court shares some of Illinois Union's concerns regarding notice, the court has greater concerns regarding Bragg's retention of legal counsel. *See* Def.'s Mem. Opp'n Pls.' Mot. Partial Summ. J. [DE-30] at 15. The court believes that any motions for summary judgment would benefit from further discovery on this issue as well.

Between Illinois Union's affidavit, its memorandum in support of its Rule 56(d) motion [DE-32], and the court's own concerns, the court is satisfied that Illinois Union (1) has specified that more discovery is necessary as to the issues of Bragg's notice of a claim; and (2) has specified that more discovery is necessary to contest summary judgment, particularly as to the

3

issue of notice and retention of counsel. *See Nguyen*, 44 F.3d at 242; *Strag*, 55 F.3d at 954. Therefore, Illinois Union's Motion to Defer [DE-33] is ALLOWED.

## III. CONCLUSION

For the reasons stated herein, the Motion to Defer [DE-33] is ALLOWED. Bragg's MSJ [DE-24] is DENIED without prejudice to renew at the close of discovery. Discovery in this matter is set to end on November 15, 2015, with dispositive motions to follow on or before November 30, 2015. *See* Order of August 5, 2015 [DE-45]. The court will rule on any motions for summary judgment after the November 30, 2015 deadline.

SO ORDERED.

This the 25 day of August, 2015.

James C. Fox
JAMES C. FOX
Senior United States District Judge